UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

**FILED**

MAR - 5 2001

AVIGAIL LEWIS BITON
RACHEL ASRAF

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

           PLAINTIFFS,      Case Number 1:01CV00382

vs.

THE PALESTINIAN INTERIM SELF-GOVERNMENT AUTHORITY
(aka The Palestinian Authority and/or The Palestinian National Authority)
1730 K Street N.W. Suite 1004
Washington, D.C. 20006

THE PALESTINE LIBERATION ORGANIZATION
1730 K Street N.W. Suite 1004
Washington, D.C. 20006

YASSER ARAFAT
President, Palestinian Authority
Chairman, Palestine Liberation Organization

MUHAMMED DAHLAN
Commander, Palestinian Preventive Security Services
Palestinian Authority

RASHID ABU SHABAK
Deputy Commander, Palestinian Preventive Security Services
Palestinian Authority

JOHN DOES 1-99

DEFENDANTS

**AMENDED COMPLAINT**

## INTRODUCTION

1. This action is brought pursuant to the Antiterrorism Act of 1991 (codified at 18 U.S.C. §2331 *et. seq.*) by Avigail Lewis Biton and Rachel Asraf, United States citizens who were harmed by the terrorist bombing of a school bus planned and carried out by defendants on November 20, 2000, near Kfar Darom in the Gaza Strip.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter and over defendants pursuant to 18 U.S.C. §§2333 and 2334 and the rules of supplemental jurisdiction.

3. The District of Columbia is the proper venue for this action pursuant to 18 U.S.C. §2334(a) since defendants Palestinian Authority and Palestine Liberation Organization are resident in this district.

## THE PARTIES

4. Plaintiff AVIGAIL LEWIS BITON at all times relevant hereto is and was an American citizen and the wife of Gabriel Biton, who was killed in the terrorist bombing of a school bus on November 20, 2000, in the Gaza Strip.

5. Plaintiff RACHEL ASRAF all times relevant hereto is and was an American citizen. Plaintiff RACHEL ASRAF was aboard the school bus at the time of the bombing on November 20, 2000, and suffered severe injuries as a result of the bombing.

6. Defendant THE PALESTINIAN INTERIM SELF- GOVERNMENT AUTHORITY, also known as The Palestinian Authority and or The Palestinian National Authority, (hereinafter "PA") is and at all times relevant hereto was, a legal person as

defined in 18 U.S.C. §2331(3), established by and existing under and by virtue of instruments, customary international law and local law, in *de jure* and *de facto* control of territories in the Gaza Strip and in the West Bank.

7.  Defendant THE PALESTINE LIBERATION ORGANIZATION (hereinafter "PLO") is, and at all times relevant hereto was, a legal person as defined in 18 U.S.C. §2331(3), in *de jure* and *de facto* control of defendant PA, by virtue of being party to and beneficiary of the international instruments by which defendant PA was established.

8.  Defendant YASSER ARAFAT (hereinafter "ARAFAT") is, and at all times relevant hereto was, President of defendant PA and Chairman of defendant PLO, and by virtue of these positions, in complete *de jure* and *de facto* control of defendant PA and defendant PLO and their various organs.

9.  Defendant MUHAMMED DAHLAN (hereinafter "DAHLAN"), at all times relevant hereto, was the Commander of, and in fact commanded, operated, maintained, managed, supervised, and controlled the Palestinian Preventive Security Service, an official security and intelligence agency of defendant PA based and operating in the territories controlled by defendants PA, PLO and ARAFAT.

10. Defendant RASHID ABU SHABAK (hereinafter "ABU SHABAK"), at all times relevant hereto, was the Deputy Commander of, and in fact commanded, operated, maintained, managed, supervised and controlled the Palestinian Preventive Security Service, an official security and intelligence agency of defendant PA based and operating in the territories controlled by defendants PA, PLO and ARAFAT.

11. Defendants JOHN DOES 1-99 are Palestinian security officials and civilians who are employees and/or agents of defendants PA, PLO, ARAFAT, DAHLAN and ABU SHABAK, and who planned and carried out the bombing of the school bus on behalf of, in concert with and under the directives of defendants PA, PLO, ARAFAT, DAHLAN and ABU SHABAK.

## STATEMENT OF FACTS

12. At all times relevant hereto, defendants PA, PLO and ARAFAT operated, funded, managed, supervised, and controlled various police forces, militias, paramilitary forces and intelligence services, including the Palestinian Preventive Security Service.

13. At all times relevant hereto, defendants DAHLAN and ABU SHABAK served as Commander and Deputy Commander, respectively, of the Palestinian Preventive Security Service, and operated, maintained, managed, supervised, commanded and controlled the Palestinian Preventive Security Service on behalf and as agents and/or employees of defendants PA, PLO and ARAFAT.

14. On an unknown date in September 2000 or prior thereto, defendants PA, PLO and ARAFAT ordered, instructed and directed the military and security forces and officials under their control and employ, including the Palestinian Preventive Security Service and defendants DAHLAN and ABU SHABAK, to organize, plan and execute widespread acts of violence and terrorism against civilians in Israel, Gaza and the West Bank. In accordance with these directives and instructions, the military and security forces of defendants PA, PLO and ARAFAT have planned and executed, since September 2000 until the present time, thousands of shootings, bombings and other acts

of terrorist violence in Israel, Gaza and the West Bank, in which dozens of civilians were murdered and hundreds injured.

15.    At an unknown date or dates prior to November 20, 2000, defendants conspired, planned and made preparations to carry out a bombing attack on an Israeli civilian vehicle traveling in the Gaza Strip.

16.    At approximately 7:30 A.M. on November 20, 2000, near Kfar Darom in the Gaza Strip, a school bus carrying approximately 30 elementary-school children and teachers left the town of Kfar Darom heading towards Gush Katif. When the school bus was a short distance from Kfar Darom, a powerful roadside explosive device built, planted and detonated by defendants DAHLAN, ABU SHABAK and JOHN DOES 1-99 acting on behalf of and as agents and/or employees of defendants PA, PLO and ARAFAT, exploded near the school bus, killing two passengers and wounding nine others. Among the wounded were a large number of children who lost their arms and legs in the explosion.

17.    Among those killed in the bombing was Gabriel Biton, 34, the husband of plaintiff AVIGAIL LEWIS BITON.

18.    Among those wounded in the bombing was plaintiff RACHEL ASRAF.

FIRST CLAIM FOR RELIEF
AGAINST ALL DEFENDANTS
ON BEHALF OF ALL PLAINTIFFS
**INTERNATIONAL TERRORISM**

19. The preceding paragraphs are incorporated by reference as though fully set forth herein.

20. Defendants' acts constitute a violation of the criminal laws of the United States and of the several States, or would constitute criminal violations if committed within the jurisdiction of the United States and of the several States.

21. Defendants' acts appear to be intended to intimidate or coerce a civilian population, and to influence the policy of a government by intimidation or coercion, within the meaning of 18 U.S.C. §2331, in light of the fact that at all times relevant hereto, defendants, themselves and through their respective representatives, spokesmen and organs: repeatedly praised and lauded acts of terrorism and violence against Jewish civilians and Israeli targets; praised, advocated, encouraged, solicited and incited for such terrorist acts; and threatened the further occurrence of such terrorist acts if their political demands were not met.

22. Defendants' acts were dangerous to human life, by their nature and as evidenced by their consequences.

23. Defendants' acts occurred outside the territorial jurisdiction of the United States.

24. Defendants' acts are therefore acts of international terrorism as defined under 18 U.S.C. §§2331 and 2333.

25. By reason and as a result of the acts of international terrorism committed by defendants, Gabriel Biton was killed, thereby causing the plaintiff AVIGAIL LEWIS BITON severe injury, including: loss of pecuniary support; loss of consortium; emotional distress and loss of solatium.

26. By reason and as a result of the acts of international terrorism committed by defendants, plaintiff RACHEL ASRAF suffered personal injury, including grievous physical pain and suffering and severe emotional distress.

27. For the reasons stated above, defendants are jointly and severally liable to plaintiffs.

### SECOND CLAIM FOR RELIEF
### AGAINST ALL DEFENDANTS ON BEHALF OF ALL PLAINTIFFS:
### **WRONGFUL DEATH**

28. The preceding paragraphs are incorporated by reference as though fully set forth herein.

29. Defendants, personally and/or through their agents and/or employees and/or co-conspirators, willfully and deliberately organized, planned and executed the bombing attack in which Gabriel Biton, the husband of plaintiff AVIGAIL LEWIS BITON, was killed and plaintiff RACHEL ASRAF was wounded.

30. The defendants' behavior constituted a breach of legal duties to desist from incitement and encouragement of acts of violence, incitement and encouragement of acts of violence by others and to refrain from wantonly, and/or negligently causing and allowing the infliction of injuries to persons such as the plaintiffs herein.

31. By reason and as a result of defendants' wrongful and/or unlawful and/or negligent acts decedent Gabriel Biton was killed, thereby causing the plaintiff AVIGAIL LEWIS BITON severe injury, including: loss of pecuniary support; loss of consortium; emotional distress and loss of solatium.

32. By reason and as a result of defendants' wrongful and/or unlawful and/or negligent acts, plaintiff RACHEL ASRAF suffered severe personal injury, including physical pain and suffering and emotional distress.

33. For the reasons stated above, defendants are jointly and severally liable to plaintiffs.

## THIRD CLAIM FOR RELIEF
### AGAINST DEFENDANTS PA, PLO, ARAFAT, DAHLAN and ABU SHABAK ON BEHALF OF ALL PLAINTIFFS:
### **NEGLIGENCE**

34. The allegations set forth in the preceding paragraphs are incorporated by reference as though fully set forth herein.

35. Defendants PA, PLO, ARAFAT, DAHLAN, and ABU SHABAK foresaw, or should have reasonably foreseen, that their actions and/or their failure to take actions and fulfill duties and obligations, incumbent upon them under international customary law and/or under local law, would create unreasonable risk of injury to persons such as the decedent and the plaintiffs.

36. By their aforementioned actions and/or failure to take action, defendants PA, PLO, ARAFAT, DAHLAN and ABU SHABAK are guilty of negligence.

37. By reason and as a result of the aforementioned negligent behavior of defendants PA, PLO, ARAFAT, DAHLAN and ABU SHABAK decedent Gabriel Biton was killed, thereby causing the plaintiff AVIGAIL LEWIS BITON severe injury, including: loss of pecuniary support; loss of consortium; emotional distress and loss of solatium.

38. By reason and as a result of the aforementioned negligent behavior of defendants PA, PLO, ARAFAT, DAHLAN and ABU SHABAK plaintiff RACHEL ASRAF suffered severe personal injury, including physical pain and suffering and emotional distress.

39. For the reasons stated above, defendants are jointly and severally liable to plaintiffs.

## FOURTH CLAIM FOR RELIEF
### AGAINST ALL DEFENDANTS ON BEHALF OF ALL PLAINTIFFS:
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

40. The allegations set forth in the preceding paragraphs are incorporated by reference as though fully set forth herein.

41. Defendants' conduct was willful, outrageous, and was dangerous to human life, and constituted a violation of applicable criminal law and all international standards of civilized human conduct and common decency.

42. Defendants' conduct caused the plaintiffs egregious emotional distress.

43. For the reasons stated above, defendants are jointly and severally liable to plaintiffs.

## FIFTH CLAIM FOR RELIEF
### AGAINST ALL DEFENDANTS ON BEHALF OF ALL PLAINTIFFS:
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

44.   The allegations set forth in the preceding paragraphs are incorporated by reference as though fully set forth herein.

45.   Defendants' conduct was willful, outrageous and/or grossly negligent, and was dangerous to human life, and constituted a violation of applicable criminal law and all international standards of civilized human conduct and common decency.

46.   Defendants' conduct caused the plaintiffs egregious emotional distress.

47.   For the reasons stated above, defendants are jointly and severally liable to plaintiffs.

## SIXTH CLAIM FOR RELIEF
### AGAINST ALL DEFENDANTS ON BEHALF OF RACHEL ASRAF:
**BATTERY**

48.   The allegations set forth in the preceding paragraphs are incorporated by reference as though fully set forth herein.

49   The conduct of the defendants' described above consititutes willful and unsolicited injury to Rachel Asraf.

WHEREFORE, Plaintiffs request judgment against the Defendants jointly and severally, for each of the above causes of action, for compensatory damages, costs and attorneys' fees in the amount of $250,000,000.00 and punitive damages, and such other relief as the Court finds just and equitable.

Plaintiffs demand jury trial.

Plaintiffs, by their Attorneys,

*[signature]*

Gary Block PA/DC Bar #17772
P.O. Box 456
West Chester, PA 19381
(610) 696-7386

*[signature]*

David Strachman RI Bar# 4404
Skolnik, McIntyre & Tate
321 South Main Street, Ste. 400
Providence, RI 02903
(401) 351-7700