UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **AVIGAIL LEWIS BITON**, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No. 01-0382 (RMC) |
| **PALESTINIAN INTERIM SELF-GOVERNMENT AUTHORITY**, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) ) | |

## ORDER

Avigail Lewis Biton, individually and on behalf of her children, and Rachel Asraf bring suit under the Antiterrorism Act of 1991 ("ATA"), 18 U.S.C. § 2333, and various tort theories against the Palestinian Interim Self-Government Authority, also known as the Palestinian Authority or the Palestinian National Authority ("PA") and the Palestine Liberation Organization ("PLO"). Plaintiffs filed suit on February 20, 2001, seeking to hold these Defendants liable for the bombing of a school bus in the Gaza Strip which killed Plaintiff Avigail Biton's husband and severely injured Plaintiff Rachel Asraf. The Clerk of this Court entered a second default against the Defendants on November 22, 2005. *See* Dkt. # 50. Years later, Defendants move to vacate the default so that they can litigate the case on the merits. *See* Dkt. # 101.

The Court declines to give the Defendants yet another opportunity merely to change their intentionally-selected litigation strategy seven years after suit was filed because new counsel have been retained. The PA and PLO chose to litigate only whether the PA should be recognized as a sovereign entity among the nations of the world. The Court vacated an early default to allow them the opportunity to do so, as the sole defense they offered. *See* Dkt. # 20; *Biton v. Palestinian*

*Interim Self-Gov't Auth.*, 233 F. Supp. 2d 31 (D.D.C. 2002). After a ruling against them, the Court granted their motion for reconsideration and allowed the issues to be re-briefed. *See* May 24, 2004 Minute Entry Order. Again, the Court ruled against the Defendants. *See* Dkt. ## 47 & 48; *Biton v. Palestinian Interim Self-Gov't Auth.*, 412 F. Supp. 2d 1 (D.D.C. 2005). New counsel arrived on the scene in 2007 and again argued the jurisdictional issues. Again, the Court ruled against the Defendants and concluded that it had jurisdiction. *See* Dkt. # 98. Only *after* these rulings have Defendants now asserted an intention to defend on the merits.

    Defendants urge the Court to vacate the second default because the PA is a foreign entity and a failure to allow them to proceed will injure the foreign relations of the United States. To the contrary, the interests of the United States are determined by its State Department, not foreign entities, and the State Department has filed no Statement of Interest here. The fact that Secretary of State Condoleeza Rice might have encouraged the Palestinian Authority "to respond to U.S. legal proceedings in good faith and a timely manner," in a letter dated January 12, 2007, *see* Defs.' Mot. to Vacate Clerk's Entry of Default ("Defs.' Mem.") [Dkt. # 101], Ex. B, speaks nothing to these Defendants' much earlier deliberate choices, leading to the second default in November 2005. Suggesting that Plaintiffs bring ATA cases against these Defendants "with the hopes that the courts will take jurisdiction over the PA and PLO and the PA and PLO will default due to the difficulty of defending such suits in the United States," *see* Defs.' Mem. at 11, provides no "good cause" to vacate the default. *See* Fed. R. Civ. P. 55(c) ("For good cause shown the court may set aside an entry of default."); *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980) ("[T]he first factor to be considered" in reviewing a motion to vacate default is "whether the default was willful."). The Defendants actively participated in this litigation, represented by able counsel, for years.

The Court recognizes that Judge Marrero of the Southern District of New York has come to a different conclusion on a similar, although even more advanced, record. *See Knox v. Palestinian Liberation Org.*, 248 F.R.D. 420 (S.D.N.Y. 2008). This Court declines to follow suit. Because "decisions deliberately made" are not grounds for relief from default even when "subsequent events reveal that such decisions were unwise." *Federal's, Inc. v. Edmonton Inv. Co.*, 555 F.2d 577, 583 (6th Cir. 1977) (citations omitted), the Court has already denied one defense motion to vacate the current entry of default. *See* Dkt. ## 62 & 63; *Biton v. Palestinian Interim Self-Gov't Auth.*, 239 F.R.D. 1 (D.D.C. 2006). Although the instant briefs are longer, Defendants in fact offer no new reasons now to vacate default and, perforce, fail to demonstrate "good cause" to excuse them from their own deliberate strategies. Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Vacate Default Entry [Dkt. # 101] is **DENIED**; and it is

**FURTHER ORDERED** that Plaintiffs' Motion to Summarily Deny Defendants' Motion to Vacate Default [Dkt. # 103] is **DENIED** as moot; and it is

**FURTHER ORDERED** that Defendants' Motion to Stay Proceedings for 90 Days [Dkt. # 52] is **DENIED** as moot.

**SO ORDERED**.


Date: July 21, 2008                                /s/
                                         ROSEMARY M. COLLYER
                                         United States District Judge